1  NANCY HERSH, ESQ., State Bar No. 49091
2  MARK E. BURTON, ESQ., State Bar No. 178400
   RACHEL ABRAMS, ESQ., State Bar No. 209316
3  HERSH & HERSH
   A Professional Corporation
4  601 Van Ness Avenue, Suite 2080
   San Francisco, CA 94102-6396
5  (415) 441-5544

6  Attorneys for Plaintiff

   E-filing

7

8

9              UNITED STATES DISTRICT COURT

10        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13  JUANITA CORDOVA, individually and as    )    CASE NUMBER
    successor-in-interest to ELMER ROY      )
14  CORDOVA, deceased,                      )    **COMPLAINT AND DEMAND FOR**
                                            )    **JURY TRIAL**
15                                          )
              Plaintiff,                    )
16                                          )    **[WRONGFUL DEATH]**
                                            )
17  vs.                                     )
                                            )    1. Strict Liability-Failure to Warn
18  SMITHKLINE BEECHAM                      )    2. Negligence
    CORPORATION, dba                        )    3. Fraud by Concealment
19  GLAXOSMITHKLINE, MCKESSON               )    4. Loss of Consortium
    CORPORATION, and DOES ONE               )
20  through FIFTEEN, inclusive,             )
                                            )
21            Defendants.                   )
                                            )
22  _____ )

23                   **DEMAND FOR JURY TRIAL**

24
                              1.
25

26  Plaintiff herewith requests a trial by jury as to all issues of material fact.

27  ///

28
                            - 1 -
              COMPLAINT AND DEMAND FOR JURY TRIAL

1

## PRELIMINARY ALLEGATIONS

2

2.

3

4

Defendant SMITHKLINE BEECHAM CORPORATION, doing business as

5

GlaxoSmithKline, hereafter "Defendants", produced, manufactured, distributed, and sold

6

AVANDIA, which Plaintiff ELMER ROY CORDOVA ingested, from September 2004

7

until he died on December 1, 2005. The AVANDIA that Defendant sold to Plaintiff's

8

Decedent ELMER ROY CORDOVA was defective, thereby violating California statutory

9

and common law and causing Plaintiff JUANITA CORDOVA damages and/or entitling her

10

to relief. Under California common law, Plaintiff's Decedent ELMER ROY CORDOVA

11

also unjustly enriched Defendant by paying Defendant for its defective AVANDIA.

12

## JURISDICTION AND VENUE

13

14

3.

15

This Court has diversity subject–matter jurisdiction over this action pursuant to 28

16

U.S.C. § 1332 (a) "The district courts shall have original jurisdiction of all civil actions

17

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

18

and costs, and is between: (1) citizens of different States." Plaintiff JUANITA CORDOVA

19

is a resident of Colorado. Defendants are residents of California and Pennsylvania.

20

Damages to Plaintiff are estimated in good faith to exceed the sum or value of $75,000,

21

22

exclusive of interests and cost. The court also has personal jurisdiction over the parties

23

because Plaintiff JUANITA CORDOVA submits to the jurisdiction of the Court and

24

Defendants systematically and continually conducts business here and throughout the U.S.,

25

including marketing, advertising, and sales directed to residents of the jurisdiction where

26

Plaintiff resides.

27

///

28

- 2 -

HERSHANDHERSH
A Professional Corporation

4.

Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (c) because MCKESSON's headquarters is located in San Francisco and as a corporation, Defendant is "deemed to reside in any judicial district in which [it is] subject to personal jurisdiction."

## PARTIES

5.

Plaintiff JUANITA CORDOVA was the wife of ELMER ROY CORDOVA, deceased.

6.

As result of using Defendant's AVANDIA, Plaintiff's Decedent ELMER ROY CORDOVA suffered a stroke and died.

7.

Plaintiff's Decedent, ELMER ROY CORDOVA, was prescribed and ingested AVANDIA in 2005 until he died from stroke secondary to new onset atrial fibrillation on December 1, 2005.

8.

Defendant MCKESSON PHARMACY SYSTEMS is a U.S. corporation located and residing at One Post Street, San Francisco, California 94104

9.

Defendant GLAXOSMITHKLINE is a pharmaceutical company which makes a variety of prescription drugs including those for Diabetes Mellitus.

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

10.

Defendant SMITHKLINE BEECHAM CORPORATION is a U.S. corporation, doing business as GLAXOSMITHKLINE in California.

11.

Plaintiff does not know the true names of the Defendants sued herein as DOES ONE through FIFTEEN, inclusive. Plaintiff alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and caused the injuries and damages sustained by Plaintiff as herein alleged.

12.

Defendants GLAXOSMITHKLINE, MCKESSON CORPORATION, and DOES ONE through FIFTEEN will herein be referred to as "Defendants".

13.

In engaging in the conduct alleged herein, each Defendant acted as the agent for each of the other Defendants.

14.

At all times herein mentioned, each of the Defendants was the agent and employee of every other Defendant in doing the acts herein alleged, and was, at all times, acting within the purpose and scope of said agency and employment and all of said acts and conduct were ratified and approved by said Defendants.

## FACTUAL ALLEGATIONS

15.

In May 1999, Defendants sought and obtained Food and Drug Administration ("FDA") approval to market a drug manufactured, designed, distributed and sold by

- 4 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1      Defendants to diabetics purporting to increase insulin sensitivity without causing serious

2      effects, harm or injury.

3                                              16.

4

5      Defendants, as a result of strenuous marketing of said drug, AVANDIA, were able

6      to capture a significant share of the market and generate billions of dollars in income and

7      profit as a consequence.

8                                              17.

9      Defendants have continued to reap substantial profits from said drug, AVANDIA,

10     from May of 1999 to the present. By September 2005, Defendants knew, but had not

11     disclosed, evidence that demonstrated adverse cardiac events in consumers attributable to

12     the drug. Although Defendants had an analysis of 42 patient studies of AVANDIA it failed

13     to disclose the full results of the study to the FDA. The complete results of the study were

14     not provided to the FDA for another year.

15

16                                             18.

17     As a further result of the herein described conduct and/or product of Defendants,

18     Plaintiff has incurred funeral and burial expenses in a sum or sums according to proof.

19                                             19.

20

21     At all relevant times herein, AVANDIA was widely advertised by the Defendants as

22     an effective and safe treatment for diabetic patients. Said Defendants minimized the risks

23     posed to diabetic patients by ingestion of AVANDIA. In August 2006, for the first time

24     and as a result of external pressure, Defendants disclosed full and complete results of the

25     study (as in paragraph 16 above) even though the Defendants were fully aware at least since

26     September 2005 of adverse cardiac events due to the drug AVANDIA. Said Defendants

27     concealed or minimized the known risks to diabetic patients by ingestion of AVANDIA.

28

- 5 -

COMPLAINT AND DEMAND FOR JURY TRIAL

HERSH AND HERSH
A Professional Corporation

1

2                                         20.

3           In doing so the Defendants concealed the known risks to diabetic patients and failed

4    to warn of known and/or scientifically knowable dangers and risks associated with

5    ingestion of AVANDIA.

6                                         21.

7           Decedent ELMER ROY CORDOVA, age 60, was prescribed and took AVANDIA

8    commencing in September 2004. As set above in paragraph 17, the Defendants knew that

9    the product was unsafe for diabetic patients in general and capable of causing and did cause

10   a stroke in exposed patients. In spite of the knowledge of the dangerous characteristics of

11   said drug, and with conscious disregard for the health and safety of the public and of

12   exposed patients who were prescribed and took AVANDIA, Defendants placed said drug

13   on the market intending it to be sold to and used by diabetic patients and knowing that said

14   use would occur.

15

16                                        22.

17          Defendants continued their sale of AVANDIA after the preliminary disclosure to

18   the FDA in August 2005. Knowing that its drug caused adverse cardiac events including

19   stroke as suffered by Decedent ELMER ROY CORDOVA and that the diabetic patient

20   population was uninformed of the dangers, Defendant continued to expand sales of

21   AVANDIA to existing and new patients.

22

23                                        23.

24          On May 21, 2007, Dr. Steven Nissen, a prominent cardiologist associated with the

25   Cleveland Clinic, published a study in the New England Journal of Medicine with his

26   analysis of the 42 studies about which Defendant had known of since at least September

27   2005. Dr. Nissen's study disclosed to the public the increased risk of congestive heart

28
                                          - 6 -

HERSH AND HERSH
A Professional Corporation

1    failure and heart attack by patients taking AVANDIA, dangers the Defendants had been

2    aware of since at least 2005 and probably before.

3                                            24.

4    At all times relevant herein, Defendants failed to provide sufficient warnings and

5

6    instructions that would have put Plaintiff and the general public, on notice of the dangers

7    and adverse effects caused by ingesting AVANDIA including, without limitation to, risk of

8    congestive heart failure, stroke, and other adverse cardiac events.

9                                            25.

10   AVANDIA as designed, manufactured, distributed, sold and/or supplied by

11   Defendants, was defective as marketed due to inadequate warnings, instructions, labeling

12   and/or inadequate testing in the presence of Defendant's knowledge of lack of

13

14   cardiovascular safety.

15                                           26.

16   The Defendants thereby acted with fraud, malice, oppression and a conscious

17   disregard for the Plaintiff's and general public's safety, who accordingly requests that the

18   trier of fact, in the exercise of sound discretion, award additional damages for the sake of

19
     example and for the purpose of punishing the Defendants for their conduct, in an amount
20
     sufficiently large to be an example to others and deter the Defendants and others from
21

22   engaging in similar conduct in the future. The aforesaid wrongful conduct was done with

23   the advance knowledge, authorization, and/or ratification of an officer, director, and/or

24   managing agent of Defendants.

25   ///

26   ///

27

28
                                           - 7 -
                        COMPLAINT AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

**FIRST CAUSE OF ACTION**

**[Strict Product Liability: Failure to Warn]**

27.

Plaintiff JUANITA CORDOVA hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-26, inclusive, of this Complaint.

28.

Defendants designed, manufactured, sold and/or supplied AVANDIA to Plaintiff's Decedent ELMER ROY CORDOVA.

29.

The known risks and dangers of ingesting AVANDIA include, but are not limited to, an increased risk of congestive heart failure, heart attacks, strokes and other adverse cardiac events. These facts were known to the Defendants since at least 2005 and probably before.

30.

At all relevant times herein, the potential risks and dangerous injury caused by AVANDIA presented substantial danger to Plaintiff's Decedent ELMER ROY CORDOVA and the general public from ingesting the drug AVANDIA.

31.

The potential risks and dangers of ingesting AVANDIA include, but are not limited to, congestive heart failure, heart attacks, strokes and other adverse cardiac events.

///

///

///

- 8 -

COMPLAINT AND DEMAND FOR JURY TRIAL

32.

At all times mentioned herein, ordinary consumers would not have recognized the potential risks and dangers AVANDIA posed to diabetic patients because its use was specifically promoted to improve the health of diabetic patients.

33.

At all times mentioned herein, Defendants failed to adequately warn of the potential risk and dangers posed to diabetic patients ingesting AVANDIA. AVANDIA was defective in that it was not properly prepared and/or was not accompanied by proper warnings regarding all possible adverse side effects associated with the use of AVANDIA, and given the severity of the adverse effects, the warnings given Plaintiff's Decedent ELMER ROY CORDOVA did not accurately reflect the symptoms and severity of the adverse effects. At all times mentioned herein AVANDIA was and is dangerous to diabetic patients who ingest AVANDIA, and these risks and dangers were known or knowable at the time of its distribution to and ingestion by Plaintiff's Decedent ELMER ROY CORDOVA in 2004 and Defendants failed to provide proper warnings of such risks and dangers to Plaintiff's Decedent ELMER ROY CORDOVA.

34.

At all times mentioned herein, the AVANDIA distributed to and ingested by Plaintiff's Decedent ELMER ROY CORDOVA was used in a way reasonably foreseeable to all Defendants. The product was defective in that the product manufactured and distributed differed from the manufacturer's intended results of increasing insulin sensitivity without causing other dangerous injury including congestive heart failure, stroke, and other adverse cardiac events. These defects caused serious injuries to the user when used in its intended and foreseeable manner, i.e., when it was ingested as prescribed, and in

- 9 -

1    the manner recommended by Defendants. The foreseeable risks of serious harm were so

2    much so that Plaintiff's Decedent ELMER ROY CORDOVA and the general public,

3    having known of such foreseeable risks and alleged benefits, would not have ingested

4    AVANDIA.

5

6                                                    35.

7            AVANDIA was defective due to, not only inadequate warnings and

8    misrepresentation to the general public, but also, defective by inadequate warnings and

9    misrepresentations to healthcare professionals. Defendants knew that had healthcare

10   professionals been adequately warned of the serious risks of injury to their patients,

11   healthcare professionals would not have prescribed AVANDIA to said patients. Neither

12   Plaintiff, nor Plaintiff's physicians were warned of the significant dangers from ingesting

13   AVANDIA which was known by Defendants since at least 2005 and probably before.

14

15                                                   36.

16           Defendants acted with conscious disregard of the foreseeable harm caused by the

17   ingestion of AVANDIA by Plaintiff's Decedent ELMER ROY CORDOVA.

18                                                   37.

19           Defendants failed to warn of these serious risks after Defendants had knowledge of

20   the same. The information provided to consumers did not reflect Defendants' knowledge

21   that AVANDIA was not safe and effective as indicated in its aggressive marketing

22   campaign. Nor were consumers made aware that ingesting the drug could result in

23   congestive heart failure, heart attack, or stroke.

24

25   ///

26   ///

27   ///

28
                                          - 10 -
                        COMPLAINT AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

38.

As a result of the defective dangerous condition of AVANDIA manufactured and/or supplied by the Defendants, and each of them, Plaintiff's Decedent ELMER ROY CORDOVA suffered congestive heart failure.

39.

In doing the acts herein alleged, the Defendants acted with oppression, fraud and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants and others from engaging in similar conduct in the future. Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an office, director and or managing agent of Defendants.

WHEREFORE, Plaintiff JUANITA CORDOVA prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### [Negligence]

40.

Plaintiff JUANITA CORDOVA hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-39, inclusive, of this Complaint.

41.

Defendants and their representatives were merchants or sellers of AVANDIA. At all times herein, Defendants had a duty to exercise reasonable care in the design, manufacturing, marketing, sale, testing and/or distribution of AVANDIA into the stream of commerce.

- 11 -

HERSHANDHERSH
A Professional Corporation

42.

Defendants failed to exercise ordinary care in the design, manufacturing, marketing, sale, testing, and/or distribution of the AVANDIA drug into interstate commerce. Defendants knew that its AVANDIA drug greatly increased Plaintiff's Decedent's risks of developing congestive heart failure, having a heart attack, stroke, and/or other negative cardiovascular consequences.

43.

At all times herein mentioned, Defendants, and each of them, knew, or in the exercise of reasonable care, should have known, that AVANDIA was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied and prepared and provided with proper warnings, it was likely to injure Plaintiff's Decedent ELMER ROY CORDOVA and other users. Despite the fact that Defendants knew, or should have known that AVANDIA could cause a stroke and/or other cardiac injuries, it continued to market, distribute, and sell AVANDIA to the public without proper warnings.

44.

The Defendants, and each of them, so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over promoted and supplied AVANDIA, that it was dangerous and unsafe for the use and intended purpose of increasing insulin sensitivity in Plaintiff's Decedent ELMER ROY CORDOVA.

45.

Defendants knew Plaintiff's Decedent ELMER ROY CORDOVA or others similarly situated, would foreseeably suffer such injuries and/or risk of death as a result of

- 12 -

1    Defendants' failure to exercise ordinary care by not disclosing the known risks of

2    congestive heart failure or other adverse cardiac events. Defendants' breach of duty to

3    disclose this information caused Plaintiff's Decedent ELMER ROY CORDOVA to suffer a

4    stroke.

5

6                                        46.

7        As a result of the carelessness and negligence of the Defendants, the aforesaid

8    product caused Plaintiff JUANITA CORDOVA to thereby sustain the damages and injuries

9    as herein alleged.

10       WHEREFORE, Plaintiff JUANITA CORDOVA prays for judgment as hereinafter

11   set forth.

12

13                         **THIRD CAUSE OF ACTION**

14                           **[Fraud by Concealment]**

15

16                                        47.

17       Plaintiff JUANITA CORDOVA hereby incorporates by reference, as if fully set

18   forth herein, each and every allegation contained in Paragraphs 1-46, inclusive, of this

19   Complaint.

20                                        48.

21       At all times mentioned herein Defendants, and each of them, had the duty and

22   obligation to disclose to Plaintiff's Decedent ELMER ROY CORDOVA and to his

23   physician the true facts concerning the drug AVANDIA; that is, AVANDIA is known to

24   cause a significant and serious increase in the risk of congestive heart failure, stroke, and

25   other adverse cardiac events.

26

27   ///

28

HERSH AND HERSH
A Professional Corporation

- 13 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1

49.

2

3      That at all times herein mentioned, Defendants, and each of them, intentionally,

4      willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiff's

5      Decedent ELMER ROY CORDOVA and his physician with the intent to defraud Plaintiff's

6      Decedent ELMER ROY CORDOVA.

7

50.

8      That at all times herein mentioned, neither Plaintiff's Decedent ELMER ROY

9      CORDOVA nor his physician were aware of the facts set above, and had they been aware

10     of said facts they would not have acted as they did, that is, Plaintiff's Decedent ELMER

11     ROY CORDOVA would not have ingested the drug AVANDIA.

12

51.

13

14      As a result of the concealment or suppression of the facts set forth above, Plaintiff

15     JUANITA CORDOVA has sustained damage as hereinafter set forth.

16

52.

17      In doing the action herein alleged, Defendants, and each of them, acted with

18     oppression, fraud and malice and Plaintiff JUANITA CORDOVA is entitled to punitive

19     damages in an amount reasonably related to Plaintiff 's actual damages, and to Defendant's

20     wealth, sufficiently large to be an example to others, and to deter these Defendants and

21     others from engaging in similar conduct in the future.

22

23      WHEREFORE, Plaintiff JUANITA CORDOVA prays for judgment as hereinafter

24     set forth.

25     ///

26     ///

27     ///

28

- 14 -

COMPLAINT AND DEMAND FOR JURY TRIAL

## FIFTH CAUSE OF ACTION

### ON BEHALF OF PLAINTIFF JUANITA CORDOVA
#### (Loss of Consortium)

53.

Plaintiff JUANITA CORDOVA hereby incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1 through 52 of this Complaint.

54.

At all times herein mentioned Plaintiff's Decedent ELMER ROY CORDOVA and JUANITA CORDOVA were husband and wife.

55.

As a direct result of Defendants' aforesaid conduct, Plaintiff JUANITA CORDOVA lost the care, comfort, society, affection and marital consortium of her husband, ELMER ROY CORDOVA, and suffered a loss of love, affection, solace, moral support and physical assistance in the operation and maintenance of the home, all to her general damage in an amount within the jurisdiction of this court.

WHEREFORE, Plaintiff JUANITA CORDOVA prays for judgment against Defendants as hereinafter set forth.

## PRAYER FOR RELIEF

56.

Plaintiff prays that a judgment be entered in favor of Plaintiff in such aggregate sum as will fairly and reasonably compensate Plaintiff for damages arising out of Defendants conduct as described herein. The conduct of Defendants, as alleged herein, was a direct,

- 15 -
COMPLAINT AND DEMAND FOR JURY TRIAL

proximate and producing cause of the damages to Plaintiff JUANITA CORDOVA and the

following general and specific damages:

1.  For general damages in a sum within the jurisdiction of this Court;

2.  For medical, hospital, and incidental expenses, according to proof;

3.  For loss of earnings and for loss of earning capacity, according to

proof;

4.  For punitive or exemplary damages;

5.  For such other relief as the Court deems just and proper.

DATED:        November 30, 2007

HERSH & HERSH
A Professional Corporation


By_____
MARK E. BURTON
Attorneys for Plaintiff

- 16 -
COMPLAINT AND DEMAND FOR JURY TRIAL